**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------X
JUAN AULLA DAQUILLEMA,                                          24-cv-08427 (CS)

                     Plaintiff,                              **STIPULATION AND ORDER**
                                                                **REGARDING CONFIDENTIAL**
   -against-                                                                                 **INFORMATION**

E & M QUALITY CARPENTRY, CORP. and
MARCO AREVALO,

                     Defendants.
-------------------------------------------------X

       The following provisions shall govern the exchange of confidential information in this matter:

       1.       Any party to the above-captioned action (the "Action") and any third-party shall have the right to designate as "Confidential" and/or "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Information and documents designated as confidential are to be stamped "CONFIDENTIAL," or, in the event that it is not feasible to stamp the document "CONFIDENTIAL" (such as documents produced in their native format), produced with a notice that the document is designated as Confidential. Information and documents designated as "Attorneys' Eyes Only" are to be stamped "ATTORNEYS' EYES ONLY," or, in the event that it is not feasible to stamp the document "ATTORNEYS' EYES ONLY" (such as documents produced in their native format), produced with a notice that the document is designated as

Attorneys' Eyes Only. "Confidential" information or documents may be referred to collectively as "Confidential Information."

2. Unless ordered by the court or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event that a party challenges another party's designation in writing, counsel shall make a good faith effort to resolve the dispute, either in person or via telephone, and in the absence of a resolution, the party asserting confidentiality may thereafter seek resolution by the court. The designating party shall promptly seek judicial intervention within five (5) business days of the parties' good-faith effort to resolve the dispute so as not to delay the orderly prosecution of this Action. Failure to seek such judicial intervention shall be a waiver of the "Confidential" designation and the designation shall be void. Any document designated as "Confidential" that has been challenged as being improperly designated as such shall be treated as "Confidential" in all respects until the Court has issued a determination on the Parties' dispute or the time to seek judicial intervention has expired. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable laws and court rules.

4. Information or documents designated as "Confidential" shall not be disclosed to any person except:

    a. The parties to this Action. In the case of parties that are individuals, "party" shall mean those individuals named in the Action as a plaintiff or defendant. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this Action on behalf of such entity;

    b. Counsel for the parties in this Action, including in-house counsel.

      c.      Employees of such counsel assigned to assist in the litigation, including without limitation, secretarial, paralegal, clerical, and data processing employees;

      d.      The Court (including the clerk, court reporter or stenographer, or other persons having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

      e.      Subject to the condition set forth in Paragraph 7 below: consultants or experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

      f.      Subject to the condition set forth in Paragraph 7 below: any non-party from whom testimony is taken or is to be taken in this action, except that such a person may only be shown Confidential Information during, in preparation for, and in review of his/her testimony and may not retain the Confidential Information. "Non-party" shall mean any individual or entity not meeting the definition of "party" in paragraph 4(a) above;

      g.      Subject to the condition set forth in Paragraph 7 below: vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings;

5.      Information or documents designated as "Attorneys' Eyes Only" shall not be disclosed to any person other than those identified in Paragraphs 4(b), (c), (d), (e), or (g) above.

6.      Prior to disclosing or displaying Confidential Information to any person, counsel shall:

      a.      inform the person of the confidential nature of the information or documents; and

      b.      inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7.      The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(e), (f), and (g) only on condition that prior to any such display each person must sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the

3

party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

8. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after the close of discovery or fourteen (14) days after the production of the document or information, whichever is earlier. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all of the terms of the Stipulation and Order.

9. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, including any pleadings, motions or other papers filed with the Court that includes Confidential Information, shall be filed under seal to the extent permitted by law (including, without limitation any applicable rules of court) and shall be kept under seal until further order of the Court. To the extent that the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of the filings with the Court shall be filed under seal.

10. At the conclusion of the litigation, the Confidential Information and any copies thereof shall be promptly (and in no event no later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that such files will remain confidential.

11. No information that is in the public domain, becomes public knowledge, or which

is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Order.

12. Notwithstanding that the party receiving material designated as Confidential agrees to comply with and be bound by the provisions of this Order, such agreement shall not be deemed an admission by the receiving party that any materials are in fact Confidential.

13. Counsel for any party shall not be held responsible or liable for any inadvertent disclosure of information, documents, or things designated as Confidential resulting from unlawful and/or unauthorized computer system security breaches, including without limitation, those that occur on local systems or servers and off-site third-party cloud storage providers.

**Continued on next page.**

14. The foregoing is without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this order. This Order may be enforced by any party and any violation of this order may result in the imposition of sanctions by the Court.

Dated: Massapequa, New York
      July 31, 2025

The NHG Law Group, P.C.

_____
By: Keith E. Williams, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com

Dated: New York, New York
      July 31, 2025

Morrison Tenenbaum PLLC

_____
By: Joshua Androphy, Esq.
*Attorneys for the Defendants*
87 Walker Street, Floor 2
New York, New York 10013
Tel.: 212.620.0938
jandrophy@m-t-law.com

SO ORDERED.

_____  7/31/25
CATHY SEIBEL, U.S.D.J.